## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROCKEFELLER PHOTOS, LLC

        Plaintiff,

v.

TESTA BARRA, LLC,

        Defendant.

Case No. 2:25-cv-12849-MFL-APP
Hon. Matthew F. Leitman
Magistrate: Anthony P. Patti

---

### DEFENDANT'S AMENDED ANSWER TO COMPLAINT WITH AMENDED AFFIRMATIVE DEFENSES

Defendant, TESTA BARRA, LLC ("Defendant"), by and through its attorneys GARAN LUCOW MILLER, P.C., and for its Amended Answer to Plaintiff's Complaint, states:

### THE PARTIES

1. In answering paragraph 1, Defendant denies the allegations contained therein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

2. In answering paragraph 2, Defendant admits only that it is a limited liability company organized and existing under the laws of the State of Michigan. Defendant denies the balance of the allegations contained therein in the manner and form alleged therein.

## JURISDICTION AND VENUE

3. In answering paragraph 3, Defendant states that paragraph 3 contains a purported legal conclusion to which no response is required. To the extent the allegations do pertain to this Defendant, Defendant denies the allegations contained therein in the manner and form alleged therein.

4. In answering paragraph 4, Defendant admits only that based on the allegations set forth in Plaintiff's complaint this Court would have federal subject matter jurisdiction, however, denies there exist any violations of the federal copyright law and, therefore, this Court is without jurisdiction.

5. In answering paragraph 5, Defendant states that to the extent there is an assertion that venue is proper based on the allegations in Plaintiff's complaint, Defendant admits same. However, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

## FACTS

**I.  Plaintiff's Business and History**

6. In answering paragraph 6, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

7. In answering paragraph 7, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

## II. The Work at Issue in this Lawsuit

8. In answering paragraph 8, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

9. In answering paragraph 9, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

10. In answering paragraph 10, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

11. In answering paragraph 11, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs. Defendant affirmatively states that this paragraph has not been plead in conformance with Fed.R.Civ.P 10(b).

## III. Defendant's Unlawful Activities

12. In answering paragraph 12, Defendant admits the allegations contained

therein, upon information and belief.

13. In answering paragraph 13, Defendant admits the allegations contained therein, upon information and belief.

14. In answering paragraph 14, Defendant denies the allegations contained therein in the manner and form alleged therein.

15. In answering paragraph 15, Defendant denies the allegations contained therein in the manner and form alleged therein.

16. In answering paragraph 16, Defendant denies the allegations contained therein as being untrue.

17. In answering paragraph 17, Defendant denies the allegations contained therein in the manner and form alleged therein.

18. In answering paragraph 18, Defendant denies the allegations contained therein in the manner and form alleged therein.

19. In answering paragraph 19, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and/or in the manner and form alleged therein and leaves plaintiff to its strict proofs.

20. In answering paragraph 20, Defendant denies the allegations contained therein as being untrue.

## **COUNT I – COPYRIGHT INFRINGEMENT**

21. Defendant incorporates by reference its responses to the allegations in paragraph 1 to 20 of the complaint as if fully set forth herein.

22. In answering paragraph 22, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

23. In answering paragraph 23, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

24. In answering paragraph 24, Defendant denies the allegations contained herein as it is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations and leaves plaintiff to its strict proofs.

25. In answering paragraph 25, Defendant denies the allegations contained therein in the manner and form alleged therein.

26. In answering paragraph 26, Defendant denies the allegations contained therein in the manner and form alleged therein.

27. In answering paragraph 27, Defendant denies the allegations contained therein as being untrue.

28. In answering paragraph 28, Defendant denies the allegations contained therein as being untrue.

29. In answering paragraph 29, Defendant denies the allegations contained therein as being untrue.

30. In answering paragraph 30, Defendant denies the allegations contained therein as being untrue.

31. In answering paragraph 31, Defendant denies the allegations contained therein as being untrue.

32. In answering paragraph 32, Defendant denies the allegations contained therein as being untrue.

33. In answering paragraph 33, Defendant denies the allegations contained therein as being untrue.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety and award Defendants costs, attorney fees and all other relief this Court deems appropriate.

                                  GARAN LUCOW MILLER, P.C.

                                  /s/Timothy J. Jordan
                                  TIMOTHY J. JORDAN (P46098)
                                  Attorneys for Defendant
                                  1155 Brewery Park Blvd., Ste. 200
                                  Detroit, MI  48207-2641

Dated:  November 19, 2025        (313) 446-5531
#7507062                              tjordan@garanlucow.com
                                  P46098

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROCKEFELLER PHOTOS, LLC

        Plaintiff,

v.

TESTA BARRA, LLC,

        Defendant.

Case No. 2:25-cv-12849-MFL-APP
Hon. Matthew F. Leitman
Magistrate: Anthony P. Patti

---

**DEFENDANT'S NOTICE OF AFFIRMATIVE AND SPECIAL DEFENSES**

Defendant TESTA BARRA, LLC, by and through its attorneys GARAN LUCOW MILLER, P.C. and for its Notice of Special and/or Affirmative Defenses and Reservation of Right to File Additional Affirmative Defenses, state as follows:

1. Plaintiff has failed to state a claim upon which relief can or should be granted.

2. Plaintiff's claims are barred to the extent there exists a valid and controlling license.

3. Plaintiff's claims are barred by laches and/or the applicable statute of limitations.

4. Plaintiff's claims are barred by estoppel and/or judicial estoppel.

5. Plaintiff's work at issue is not original and/or lacks sufficient creativity to be considered original.

6. The work at issue was/is in the public domain before Defendant's alleged misuse.

7. Defendant is or may be entitled to the de minimus defense.

8. Defendant asserts the fair use defense pursuant to 17 USC §107.

9. The alleged conduct on the part of Defendant was nonvolitional.

10. Defendant at no time either knowingly or negligently infringed on any copyrights held by Plaintiff.

11. Plaintiff's claims of statutory damages and attorney fees are not available if the work was filed with a copyright office more than three months after the first publication of the work and its claimed use.

12. Plaintiff lacks standing to bring the claims alleged.

13. Plaintiff has waived its claims.

14. Plaintiff comes to this Court with unclean hands.

15. Plaintiff's claims are barred to the extent Plaintiff engaged in fraud on the Copyright Office by intentionally making false representations in its application for registration for the subject work at issue and its misrepresentations were material such that in their absence registration would not have been issued.

16. The purported work has been published by others without any designation that they are subject to copyright protection and, therefore, Plaintiff cannot establish the claimed damages.

17. Plaintiff's claims are barred as a result of misuse of the copyright by Plaintiff.

18. Plaintiff's claims and/or damages are limited, if liability were found, because of Defendant's innocent infringement.

19. That intervening or superseding acts of others were the cause of the occurrence, injuries and/or damages alleged herein.

20. The claimed infringement was not in the context of commercial use, but rather the "image" was part of a blog posting, and thus no damages are available.

21. If Plaintiff sustained economic injury, same was caused, in whole or in part, by the acts or omissions or another or others, whose conduct Defendant had no reason to anticipate and for whose conduct for which Defendant was and is not responsible to.

22. While Defendant denies infringing any copyright properly held by Plaintiff, to the extent such a claim is asserted, Plaintiff is limited to a single statutory award per copyright alleged to have been infringed regardless of the number of infringements said to have occurred for any one copyright. See 17 U.S.C. §504(c)(1). See also *Bryant v. Media Rights Prods.,* 603 F.3d 135 (2nd Cir. 2010).

23. Plaintiff's claims are barred pursuant to the Scène à faire Doctrine and/or the Merger Doctrine.

24. Upon information and belief the work in dispute was published years before ever seeing a copyright registration such that any alleged use of the image is not subject to statutory damages.

25. Plaintiff's claim is without merit to the extent Plaintiff cannot establish a proper employer for hire contract having been in place such that any potential copyright claim would have properly transferred to the employer and not otherwise remained with the artist.

26. The claim at issue is barred to the extent Plaintiff engaged in fraud on the Copyright Office by intentionally making false representations in its application for registration for the subject work at issue and its misrepresentation was material such that in its absence registration would not have been issued.

27. Misuse of the copyright by Plaintiff precludes Plaintiff from being able to assert a claim.

28. The claimed infringement was not in the context of commercial use, but rather the "image" was part of a posting, and as such no damages are available.

29. Defendant reserves the right to add or amend affirmative defenses following further investigation and discovery.

## DEMAND FOR REPLY TO AFFIRMATIVE DEFENSES

Defendant TESTA BARRA, LLC'S hereby demands a reply to its affirmative defenses.

|  |  |
|---|---|
|  | GARAN LUCOW MILLER, P.C. |
|  | /s/Timothy J. Jordan<br>TIMOTHY J. JORDAN (P46098)<br>Attorneys for Defendant<br>1155 Brewery Park Blvd., Ste. 200<br>Detroit, MI  48207-2641 |
| Dated:  November 19, 2025<br>#7507062 | (313) 446-5531<br>tjordan@garanlucow.com/P46098 |

## CERTIFICATE OF SERVICE

I hereby certify that on **November 19, 2025**, my assistant, Laura A. Powell, electronically filed the foregoing document with the United States District Court Eastern District of Michigan using the ECF System which will send notification to all counsel of record.

                GARAN LUCOW MILLER, P.C.

                /s/Timothy J. Jordan
                TIMOTHY J. JORDAN (P46098)
                Attorneys for Defendant
                1155 Brewery Park Blvd., Ste. 200
                Detroit, MI  48207-2641
                (313) 446-5531
                tjordan@garanlucow.com